[Cite as *Bird v. Ohio Dept. of Transp.*, 2010-Ohio-6678.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARY BIRD

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-09078-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

{¶ 1} 1)  Plaintiff, Mary Bird, filed this action against defendant, Department of Transportation (ODOT), contending her 1999 Subaru Forester was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on State Route 161 in Franklin County.  Plaintiff related her vehicle was damaged when it "hit a huge pothole before I got to the State Route 62 exchange." Plaintiff located the damage-causing pothole on State Route 161 "directly under the New Albany Road overpass in the right-hand lane."  Plaintiff recalled the described damage incident occurred on April 19, 2010 at approximately 5:15 p.m.  In her complaint, plaintiff requested damage recovery in the amount of $250.00, her insurance coverage deductible for automotive repair she incurred.  The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with her damage claim.

{¶ 2} 2)  Defendant filed an investigation report requesting plaintiff's claim be dismissed due to the fact that the City of Columbus and not ODOT bears the maintenance responsibility for the section of State Route 161 where plaintiff's incident occurred.  Defendant advised that, "the City of Columbus is responsible for the

maintenance of the roadway upon which plaintiff's incident occurred (and) [a]s such, the City of Columbus is the proper party to plaintiff's claim." The site of the damage incident was not on a roadway area maintained by ODOT. Defendant submitted documentation showing the area of State Route 161 (milemarker 20.380) under the New Albany Road overpass is located within the municipal boundary of the City of Columbus. Defendant asserted "ODOT is not responsible for maintenance of the New Albany Road Overpass for SR 161."

**{¶ 3}** 3) Plaintiff filed a response reporting that she was advised by an ODOT representative that ODOT did maintain the section of State Route 161 where her damage incident occurred. Plaintiff further reported she contacted "the City of Columbus and was told they do not maintain State Route 161 outside of interstate 270, that it belongs to ODOT."

**{¶ 4}** 4) On October 12, 2010, defendant filed a reply to plaintiff's response. Defendant again asserts the site of plaintiff's incident was not in defendant's maintenance jurisdiction.

CONCLUSIONS OF LAW

**{¶ 5}** 1) R.C. 2743.01(A) provides:

**{¶ 6}** "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other state instrumentalities of the state. 'State' does not include political subdivisions."

**{¶ 7}** 2) R.C. 2743.02(A)(1) states in pertinent part:

**{¶ 8}** "(A)(1) The state hereby waives its immunity from liability, except as provided for the office of the state fire marshal in division (G)(1) of section 9.60 and division (B) of section 3737.221 of the Revised Code and subject to division (H) of this section, and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and, in the case of state universities or colleges, in section 3345.40 of the Revised Code, and except as provided in division (A)(2) or (3) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability."

**{¶ 9}** "3)   R.C. 5501.31 in pertinent part states:

**{¶ 10}** "Except in the case of maintaining, repairing, erecting traffic signs on, or pavement marking of state highways within villages, which is mandatory as required by section 5521.01 of the Revised Code, and except as provided in section 5501.49 of the Revised Code, no duty of constructing, reconstructing, widening, resurfacing, maintaining, or repairing state highways within municipal corporations, or the bridges and culverts thereon, shall attach to or rest upon the director . . ."

**{¶ 11}** The site of the damage-causing incident was not the maintenance jurisdiction of defendant.  Consequently, plaintiff's case is dismissed.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MARY BIRD

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-09078-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, this case is DISMISSED.

Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Mary Bird
14284 Douglas Lane
Centerburg, Ohio  43011

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
10/14
Filed 11/15/10
Sent to S.C. reporter 2/18/11